UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY SEIBERT, #149943,
GARY BAUBLITZ, #164662,
GARY JAWORSKI, #164575, and
EDWIN JENNEY, #417614,

        Plaintiffs,        CASE NO. 2:10-cv-14971
                                        HONORABLE DENISE PAGE HOOD

v.

JENNIFER GRANHOLM, *et al.*,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF SEIBERT'S MOTION FOR RECONSIDERATION AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

This is a civil case, which was filed by four state prisoners and dismissed for lack of prosecution on April 29, 2011. Plaintiff Randy Seibert has appealed the Court's order dismissing the civil complaint. Pending before this Court is Seibert's motion for reconsideration of the order dismissing the plaintiffs' complaint.

Plaintiffs filed their complaint on December 15, 2010. They did not prepay the filing fee of $350.00, and although Seibert applied for leave to proceed without prepayment of the filing fee, his application and certified statement of account were outdated. None of the other plaintiffs submitted applications to proceed without prepayment of the fees and costs for this action.

On January 12, 2011, the Court entered a deficiency order in which the Court directed each plaintiff to prepay his share of the filing fee ($87.50) or to submit (1) a signed and dated application to proceed without prepayment of the fees and costs for this action

and (2) a certified statement of his prison trust fund account for the previous six months if he was incarcerated. The Court also ordered Gary Jaworski to sign a copy of the signature page of the complaint and to submit that page to the Clerk of the Court. The Court warned the plaintiffs that failure to comply with the Court's order within thirty days of the date of the order could result in the dismissal of the complaint.

Plaintiff Edwin Jenney paid his portion of the filing fee ($87.50) on February 22, 2011, but the other plaintiffs did not comply with the Court's order to correct the procedural deficiencies. Consequently, the Court dismissed the complaint on April 29, 2011, about three and a half months after issuing the deficiency order.

Seibert alleges in the pending motion for reconsideration that he is willing to pay the remainder of the filing fee on an installment basis. *See* Mot. for Reconsideration, at 15. However, when a plaintiff does not comply with a district court's deficiency order,

> the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution. If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees.

*McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997); *see also In re Prison Litigation Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997).

The plaintiffs failed to comply with the Court's deficiency order in a timely manner, and the Court properly dismissed the case for want of prosecution. Pursuant to *McGore* and *In re Prison Litigation Reform Act*, the Court may not reinstate this case even if Seibert were to pay the remainder of the filing fee.

Furthermore, the motion for reconsideration is untimely. A motion for reconsideration must be filed within fourteen days of the date of the order or judgment in

question.  Local Rule 7.1(h)(1) (E.D. Mich. Mar. 1, 2010).  The Court dismissed the complaint on April 29, 2011.  Seibert dated his motion for reconsideration on May 18, 2011, which is more than fourteen days after the order of dismissal.[1]

Seibert has failed to show that the Court was misled by a "palpable defect" when it dismissed the complaint, Local Rule 7.1(h)(3) (E.D. Mich. Mar. 1, 2010), and his motion is untimely.  Accordingly, the motion for reconsideration [docket number 16, filed May 23, 2011] is **DENIED**.

Seibert may not proceed *in forma pauperis* on appeal because an appeal would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore*, 114 F.3d at 610-11.  Additionally, Seibert has not submitted the necessary application and financial information, which are required to assess an initial partial filing fee and subsequent payments on an installment basis.  *See* Notice of Failure to Comply with Appeal Filing Fee Requirement [docket number 19, filed June 15, 2011].

                                              s/Denise Page Hood  
                                              United States District Judge

Dated: September 15, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2011, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry  
                                              Case Manager

---

[1] The motion was filed with the Clerk of the Court on May 23, 2011.